MAR 1 1 2015

USDC WP SDNY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YUE JIAN MAO, GUO BIN LIU, INDIVIDUALLY AND
ON BEHALF OF ALL OTHER EMPLOYEES
SIMILARLY SITUATED,

15 CV        1799

Plaintiffs,

Case No.

- against -

**COLLECTIVE & CLASS
ACTION COMPLAINT AND
JURY TRIAL DEMAND**

MEE CHI CORP. d/b/a MEE NOODLES, JIANG QING
CHEN, "JOHN" ZHOU, John Doe and Jane Doe # 1-10

Defendants.

JUDGE SULLIVAN

Plaintiffs YUE JIAN MAO ("Mao") and GUO BIN LIU ("Liu") on their own behalf and

on behalf of all others similarly situated, by and through their undersigned attorneys, Hang &

Associates, PLLC, hereby file this complaint against the Defendants MEE CHI CORP. d/b/a

"Mee Noodles", JIANG QING CHEN ("Chen"), "John" Zhou, John Doe and Jane Doe # 1-10

("Does") (collectively "Defendants"), alleges and shows the Court the following:

## INTRODUCTION

1.      This is an action brought by Plaintiffs on their own behalf and on behalf of

similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §

201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful

and unlawful employment policies, patterns and/or practices.

2      Upon information and belief, Defendants have willfully and intentionally

committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice

of failing to pay their employees, including Plaintiffs, compensation for all hours worked,

minimum wage, and overtime compensation for all hours worked over forty (40) each workweek.

3.     Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid wages and minimum wages, (2) unpaid overtime wages, (3) compensation for failure to provide wage notice at the time of hiring in violation of the NYLL, (4) reimbursement for expenses relating to tools of the trade (5) liquidated damages, (6) prejudgment and post-judgment interest; and (7) attorneys' fees and costs.

4.     Plaintiffs further allege pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid wages and minimum wages, (2) unpaid overtime compensation, (3) unpaid "spread of hours" premium for each day they worked ten (10) or more hours, (4) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime pursuant to the NY Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorney's fees and costs.

## JURISDICTION AND VENUE

5.     This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7.    Plaintiff Yue Jian Mao ("Mao") is a resident of Queens and was employed by Mee Noodles located at 1643 2nd Avenue, New York, New York 10028 from September 2013 to February 27, 2014.

8.    Plaintiff Guo Bin Liu ("Liu") is a resident of Queens and was employed by Mee Noodles located at 1643 2nd Avenue, New York, New York 10028 from July 2, 2013 to March 8, 2015.

## DEFENDANTS

9.    Upon information and belief, Defendant, Mee Chi Corp. d/b/a "Mee Noodles" owns and operates three restaurants in Manhattan: (1) 922 2nd Avenue, New York, New York, 10017; (2) 795 9th Avenue, New York, New York, 10019; and (3) 1643 2nd Avenue, New York, New York 10028.

10.    Upon information and belief, Defendant, Mee Chi Corp. d/b/a "Mee Noodles" had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Mee Chi Corp. purchased and handled goods moved in interstate commerce.

11.    Upon information and belief, Defendant Chen is the owner, officer, director and/or managing agent of Mee Chi Corp. at 1643 2nd Avenue, New York, New York 10028 and participated in the day-to-day operations of Mee Noodles and acted intentionally and maliciously    and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with ABC Corp..

12.     Upon information and belief, Defendant Chen owns the stock of Mee Chi Corp. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

13.     Upon information and belief, Defendant "John" Zhou is the owner, officer, director and/or managing agent of Mee Chi Corp. at 1643 2nd Avenue, New York, New York 10028 and participated in the day-to-day operations of Mee Noodles and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with ABC Corp..

14.     Upon information and belief, Defendant Zhou owns the stock of Mee Chi Corp. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

15.     At all times relevant herein, Mee Chi Corp. was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

16.     At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Mee Chi Corp..

17.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages, overtime compensation and spread-of-hour premiums, and failed to provide him a wage notice at the time of hiring in violation of the NYLL.

18.     Plaintiffs have fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

4

## STATEMENT OF FACTS

19.      Defendants committed the following alleged acts knowingly, intentionally and willfully.

20.      Defendants knew that the nonpayment of minimum wage, overtime pay, spread of hours pay, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

21.      From September 2013 to February 27, 2014 Plaintiff Mao was hired by Defendants to work as deliveryman for Defendants' restaurant located at 1643 2nd Avenue, New York, New York 10028.

22.      From September 2013 to February 27, 2014, Plaintiff Mao worked from 6 pm to 11 pm, from Monday through Sunday. Plaintiff Mao took one day off each week on Saturday. Plaintiff Mao worked at least 30 hours a week.

23.      During the relevant period, Plaintiff Mao was paid a flat rate of $15 per day in cash.

24.      At no point during Plaintiff Mao's employment with the Defendants, was he ever required to utilize any means of recording or verifying his hours worked (e.g. punch clock, sign-in sheet, fingerprint or ID scanner).

25.      From July 2, 2013 to March 8, 2015 Plaintiff Liu was hired by Defendants to work as deliveryman for Defendants' restaurant located at 1643 2nd Avenue, New York, New York 10028.

26.      From July 2, 2013 until March 8, 2015, Plaintiff Liu two schedules: (1) from 11am to 9:30 pm from Monday, Wednesday, Thursday, Saturday and Sunday; (2) from 12 pm to 10:45 pm from Monday, Wednesday, Thursday, Saturday and Sunday. During both periods,

5

Plaintiff Liu worked from 5:30 pm to 10:45pm on Friday and he took one day off each week on Tuesday. Plaintiff Liu worked between 57.75 and 59 hours a week.

27.    During most of the relevant period, Plaintiff Liu was paid a flat rate of $200 per week in cash. However, in February and March 2015, Plaintiff Liu was paid $105 in cash and $95 per week.

28.    Defendants required Plaintiff Liu to sign falsified time records, indicating shorter hours that Plaintiff Liu actually worked, and which recorded breaks which Plaintiff Liu did not and was not permitted to take. Upon information and belief, Defendants required Plaintiff Liu to sign these falsified records in order to appear to be in compliance with the FLSA and NYLL, while willfully violating their obligations under the law.

29.    Defendants did not compensate Plaintiffs for minimum wage or overtime compensation according to state and federal laws

30.    Plaintiff Liu was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours, five days each week.

31.    Defendants did not provide Plaintiffs with a wage notices at the time of their hiring.

32.    The applicable minimum wage for the period of July 2, 2013 through December 30, 2013 was $7.25 per hour.

33.    The applicable minimum wage for the period of December 31, 2013 to present is $8.00 per hour.

34.    Defendants committed the following alleged acts knowingly, intentionally and willfully.

6

35. Defendants knew that the nonpayment of overtime and the "spread of hours" premium would economically injure Plaintiff Liu and the Class Members by their violation of federal and state laws.

36. While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

37. Plaintiff Liu and the New York Class Members' workdays frequently lasted longer than 10 hours.

38. Defendants did not pay Plaintiff Liu and other Class members' New York's "spread of hours" premium for every day in which they worked over 10 hours.

39. Defendants did not provide Plaintiffs and other Class members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiffs' and other Class members' pay increase(s).

40. Under the FLSA, the Plaintiffs are entitled to a credit for expenses for tools of trade.

41. The governing test regarding the "tools of the trade" is stated in the pertinent Department of Labor regulations: "if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act" 29 C.F.R. § 531.35.

42. Defendants knowingly and willfully operated their business with a policy of not reimbursing Plaintiffs for expenses incurred in relation to tools of the trade used by Plaintiff in

order to deliver food to customers of Defendants. Specifically, Plaintiff Mao was required to spend $1,480 on an electric bicycle in order to perform deliveries. Both Plaintiffs spent $40 per month on maintenance and related expenses in order to deliver food to the Defendants' customers.

43.     Defendants committed the foregoing acts against the Plaintiffs, the FLSA Collective Plaintiffs, and the Class.

## COLLECTIVE ACTION ALLEGATIONS

44.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs or other similarly situated employees.

45.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff Liu and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

46.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff Liu and other similarly situated employees.

47.     Plaintiffs bring this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at each of their three restaurant locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive minimum wages, spread-of-hours pay, overtime compensation for all hours worked in excess of forty (40) hours per week (the

"Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

48.    Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than twenty (20) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

49.    Plaintiffs will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

50.    This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

51.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore,

Case 1:15-cv-01799-JCF   Document 1   Filed 03/11/15   Page 10 of 23

inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

52.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiffs and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members the minimum wage in violation of the FLSA and the regulations promulgated thereunder;

c. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

d. Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

e. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

f. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

53. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

54. Plaintiffs and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## CLASS ACTION ALLEGATIONS

55. Plaintiffs bring their NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at each of their three restaurant locations doing business as Mee Noodles on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

56. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

57. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than twenty (20) members of the class.

11

58.     Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, and overtime compensation. Defendants' corporation wide policies and practices, including but not limited to their failure to provide a wage notice at the time of hiring, affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

59.     Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in representing plaintiffs in both class action and wage and hour employment litigation cases.

60.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter

as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

61. Upon information and belief, defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

62. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

b. Whether Defendants paid Plaintiffs and Class members the New York minimum wage for all hours worked;

13

c. Whether Plaintiffs and Class members are entitled to overtime under the New York Labor Law;

d. Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and the Rule 23 Class spread-of-hours pay as required by the NYLL;

e. Whether the Defendants provided wage notices at the time of hiring to Plaintiffs and class members as required by the NYLL;

g. At what common rate, or rates subject to common method of calculation were and are the Defendants required to pay the Class members for their work

## STATEMENT OF CLAIM

### COUNT I

#### [Violations of the Fair Labor Standards Act—Minimum Wage Brought on behalf of the Plaintiff and the FLSA Collective]

63.     Plaintiffs re-allege and incorporates by reference all preceding paragraphs as though fully set forth herein.

64.     At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§206(a) and §§207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

65.     At all relevant times, Defendants employed "employees" including Plaintiffs, within the meaning of FLSA.

66.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

67.   The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

68.   At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the collective action members, for some or all of the hours they worked.

69.   The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

70.   Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT II
## [Violation of New York Labor Law—Minimum Wage
## Brought on behalf of Plaintiff and Rule 23 Class]

71.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

72.   At all relevant times, plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

73.   Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

74.   Defendants knowingly and willfully violated Plaintiffs' and Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

15

## COUNT III

### [Violations of the Fair Labor Standards Act—Overtime Wage Brought on behalf of the Plaintiffs and the FLSA Collective]

75.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

76.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

77.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

78.     Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

79.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff Liu and Collective Action Members for all hours worked in excess of forty (40) hours  per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

80.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

16

81. Defendants willfully failed to notify Plaintiff Liu and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

82. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT IV
### [Violation of New York Labor Law—Overtime Pay
### Brought on behalf of Plaintiffs and the Rule 23 Class]

83. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

84. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

85. Defendants' failure to pay Plaintiff and the Rule 23 Class their overtime pay violated the NYLL.

86. Defendants' failure to pay Plaintiff and the Rule 23 Class was not in good faith.

## COUNT V
### [Violation of New York Labor Law—Spread of Time Pay
### Brought on behalf of Plaintiffs and the Rule 23 Class]

87. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

88.     The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and New York State Department of Labor regulations §146-1.6.

89.     Defendants' failure to pay Plaintiff Liu and Rule 23 Class spread-of-hours pay was not in good faith.

## COUNT VI
## [Violation of New York Labor Law—Failure to Provide Wage Notice at the Time of Hiring]

90.     Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and members of the Class repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

91.     The Defendants failed to furnish to the Plaintiffs at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL, § 195(1).

92.     Due to the Defendants' violation of the NYLL, § 195(1), the Plaintiffs are entitled to recover from the Defendants liquidated damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL, § 198(1-b).

93.     The Defendants failed to furnish with each wage payment a statement listing: the

18

dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL, § 195(3).

94.     Due to the Defendants' violation of the NYLL, § 195(3), the Plaintiffs are entitled to recover from the Defendants liquidated damages of $100.00 per workweek that the violation occurred, up to a maximum of $2,500.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL, § 198(1-d).

95.     The Defendants' NYLL violations have caused the Plaintiffs irreparable harm for which there is no adequate remedy at law.

## COUNT VII
## [Violation of the Fair Labor Standards Act —Failure Reimburse for Expenses relating to Tools of the Trade]

96.     Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and members of the Class repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

97.     At all relevant times, the Defendants had a policy and practice of refusing to reimburse Plaintiffs for expenses incurred in relation to tools of the trade used by Plaintiffs in order to deliver food to customers of Defendants.

98.     Defendants failed to pay Plaintiffs for expenses incurred in relation to tools of the trade, that is, $1,480 for Plaintiff Mao to purchase an electric bicycle, and $40 per month for each of the named plaintiffs on bicycle maintenance and repair. At all relevant times, the

19

Defendants had a policy and practice of refusing to reimburse Plaintiffs for expenses incurred in relation to tools of the trade used by Plaintiffs in order to deliver food to customers of Defendants.

99.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to reimburse Plaintiffs for expenses incurred in relation to tools of the trade used by Plaintiffs when Defendants knew or should have known such was due.

## Prayer For Relief

WHEREFORE, Plaintiffs, on behalf of themselves, and the FLSA collective plaintiffs and rule 23 class, respectfully request that this court enter a judgment providing the following relief:

a)     Authorizing plaintiffs at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)     Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c)     Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class counsel;

d)     Certification of this case as a collective action pursuant to FLSA;

e)     Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members

of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and his counsel to represent the Collective Action Members;

f)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

g)      An injunction against Mee Noodles, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

h)      An award of unpaid wages and minimum wages due Plaintiffs and the Collective Action members under the FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, and interest;

i)      An award of unpaid overtime wages due under FLSA and New York Labor Law;

j)      An award of unpaid "spread of hours" premium due under the New York Labor Law;

k)      An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

l)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, minimum wages and overtime compensation pursuant to 29 U.S.C. §216;

m)      An award of liquidated and/ or punitive damages as a result of Defendants' willful

21

failure to pay wages, minimum wages, overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

n)    An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

o)    The cost and disbursements of this action;

p)    An award of prejudgment and post-judgment fees;

q)    Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

r)    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, on behalf of himself and the Collective Action Members and members of the Class, demands a trial by jury on all questions of fact raised by the complaint.

Dated: Flushing, New York March 10, 2015

HANG & ASSOCIATES, PLLC.

Jian Hang, Esq.
136-18 39th Ave., Suite 1003
Flushing, New York 11354
Tel: 718.353.8588
jhang@hanglaw.com
*Attorneys for Plaintiffs*