UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YUE JIAN MAO, GUO BIN LIU,
INDIVIDUALLY AND ON BEHALF OF ALL
OTHER EMPLOYEES SIMILARLY
SITUATED,

                Plaintiffs,

-against-

MEE CHI CORP. d/b/a MEE NOODLES,
JIANG QING CHEN, "JOHN" ZHOU, JOHN
DOE and JANE DOE # 1-10,

                Defendants.

Case No.: 15-cv-1799

District Judge Richard J. Sullivan

Magistrate Judge James C. Francis

---

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Mee Chi Corp. and Jiang Qing Chen (collectively "Employer") and Yue Jian Mao, Guo Bin Liu, Jiang Wei, Zhan Jiu Qiu, and Bao Cheng Fu (collectively "Employees"), each a "party" and collectively "parties," desiring to settle all matters between them, hereby agree as follows:

**WHEREAS**, the instant United States District Court, Southern District of New York action, Case No. 15-cv-1799 (the "Litigation"), was originally filed on March 11, 2015 by Employees against Employer, alleging violations of minimum wage, overtime compensation, spread of hours, notice requirements, reimbursements of expenses, and liquidated damages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL");

**WHEREAS**, an answer was filed by Employer on May 14, 2015;

**WHEREAS**, Employer does not concede liability or any other aspect of Employees' allegations, including but not limited to, Employees' duration of employment; FLSA and NYLL claims of failure to pay minimum wages, overtime wages, spread of hours; and FLSA and NYLL allegations concerning the failure to post notices and to maintain accurate records; and in fact denies such allegations in its entirety;

**WHEREAS**, the parties have determined it to be in their mutual interests to settle any and all claims or other matters between them and to dismiss the Litigation with prejudice;

**NOW, THEREFORE**, for good and valuable consideration, the receipt of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the parties agree as follows:

1

1. **Consideration.**

1.1  In consideration for Employees signing this Agreement and in full satisfaction of all claims that Employees may have against Employer, its parent corporation, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns and the current and former owners, employees, officers, directors and agents thereof (collectively "Releasees") known or unknown, asserted or unasserted, Employer agrees to pay to Employees, on or before January 15, 2016, the total sum of **Thirty Six Thousand Dollars and No Cents ($36,000.00)** ("the Settlement Sum"). Such payment shall be sent to Employees' counsel, Hang & Associates, PLLC, 136-18 39th Avenue, Suite 1003, Flushing, New York 11354, and the checks shall be payable as follows on or before the date indicated below. However, it is understood that, if the Court has not approved this Settlement Agreement by the payment date listed below, Employees' counsel shall hold the checks in escrow and not deposit the checks until such Court approval is granted. If the Court does not approve this Settlement Agreement, Employees' counsel is to immediately return any part of the Settlement Sum that Employees' counsel has already received as part of this Settlement Agreement.

(i)  On or before January 15, 2016 (sum of thirty six thousand dollars and no cents ($36,000.00)):
   1. One check payable to Guo Bin Liu in the amount of ten thousand four hundred twenty six dollars and no cents ($10,426.00);
   2. One check payable to Jiang Wei in the amount of seven hundred twenty nine dollars and no cents ($729.00);
   3. One check payable to Zhan Jiu Qiu in the amount of three thousand one hundred twenty eight dollars and no cents ($3,128.00);
   4. One check payable to Yue Jian Mao in the amount of three thousand one hundred twenty eight dollars and no cents ($3,128.00);
   5. One check payable to Bao Cheng Fu in the amount of six thousand two hundred fifty six dollars and no cents ($6,256.00);
   6. One check payable to Hang & Associates, PLLC in the amount of twelve thousand three hundred thirty three dollars and no cents ($12,333.00).

1.2  Should Employer fail to make payment to Employees as stated in Paragraph 1.1, Employees are to immediately notify Employer by email of the default (notice deemed completed upon sending via: (1) email to benjaminxue@xuelaw.com and (2) certified mail to Xue & Associates, P.C., 1001 Avenue of the Americas, 11th Floor, New York, NY 10018), but failure to immediately notify employer shall not be construed as a waiver of the right to do so. Employer shall have five (5) calendar days after the notification is sent to remit payment to Employees.

1.3  Upon the full execution of this Settlement Agreement, Employees or Employer shall file with the Court the Stipulation of Voluntary Dismissal with Prejudice attached herewith as **Exhibit "A"**.

2. **No Consideration Absent Employee's Material Representations and Promises.** Employees understand and agree that Employees would not receive the Settlement

2

Amounts specified in Paragraph 1.1 above, except for the representations and promises made by Employees in this Agreement.

3. **Release of Claims to Be Brought in Class or Collective Action.** Employees waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Employer or any other Releasees identified in this Agreement is a party.

4. **Affirmations.** Employees affirm that they have not filed, caused to be filed, or are presently a party to any claim, complaint, or action against Employer in any forum or form.

Except as may be required by law, Employees shall not, in any way, voluntarily assist any individual or entity in commencing or prosecuting any action or proceeding against Employer, including, but not limited to, any administrative agency claims, charges or complaints, and/or any lawsuits, counterclaims, cross claims, arbitral claims or other claims, or in any way voluntarily participate or cooperate in any such action or proceeding. This prohibition applies to every stage of any action or proceeding, including any trial, hearing, pretrial or prehearing preparation, pre-litigation investigation or fact gathering, administrative agency procedure or arbitral procedure, and bars Employees from voluntarily testifying, providing documents or information, advising, counseling or providing any other form of voluntary assistance to any person or entity who wishes to make or who is making any claim against Employer. In the event any such proceeding is instituted, Employees shall not seek or accept any monies, award or recovery therefrom.

Employees also affirm Employees, following the payments set forth in Paragraph 1.1, have been paid or have received all compensation, wages, bonuses, commissions, and/or benefits to which Employees were or may be entitled or believe to be owed by Employers to Employees.

Employees further affirm that Employees have no known workplace injuries or occupational diseases.

Employees also affirm that Employees have not divulged any proprietary or confidential information of Employer and will continue to maintain the confidentiality of such information consistent with common law.

Employees affirm that they have returned all of Employer's property, documents, and/or any confidential information in Employees' possession or control.

Employees further affirm that they have not been retaliated against for reporting any allegations of wrongdoing by Employer or its officers, including any allegations of corporate fraud. All Parties acknowledge that this Agreement does not limit any party's right, where applicable, to file or participate in an investigative proceeding of any federal, state, or local governmental agency. To the extent permitted by law, Employees agree that if such an administrative claim is made, Employees shall not be entitled to recover any individual monetary relief or other individual remedies.

Employees acknowledge that because of circumstances unique to Employees including, but not limited to, irreconcilable differences with Employer, Employees are ineligible pursuant to this Agreement to hold any positions with Employer or its affiliated entities or businesses now or in the future and shall not apply in the future for employment with Employer. Further, Employees agree that if Employer inadvertently hires Employees, Employer may terminate Employees' employment immediately. This is a negotiated provision of this Agreement and not evidence of retaliation.

5. **Indemnification and Tax Consequences**. Employer may issue tax form 1099 with Box 3 checked as may be required by law. Employees shall be solely responsible for the payment of all taxes, interest, penalties and other liabilities or costs that may be assessed in connection with the settlement sums set forth in Paragraph 1.1 above. Employees further agree to indemnify and hold Employer harmless against the payment of any such taxes, interest, penalties and other liabilities or costs that may be assessed against it in connection with the settlement sums described in Paragraph 1.1 above. Employees acknowledge that they have not relied on any oral or other representations made by Employer or their counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement.

6. **Non-Disparagement**. Employees agrees not to defame, disparage or demean Employer in any manner whatsoever, including, without limitation, comments or statements of any kind whatsoever which are harmful to the reputation of Employer, including any comments or statements to the press or online on Facebook, MySpace, Twitter, or any other online and/or social networking website. Should Employees breach this non-disparagement provision and Employer is required to institute legal proceedings to enforce any of the provisions of this Paragraph, Employees agrees to pay Employer's reasonable attorneys' fees and costs in connection with doing so, along with monetary damages in an amount to be determined by a court if such breach is established by Employer in a court of competent jurisdiction and Employer is the prevailing party.

7. **Nonadmission of Wrongdoing**. The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Employer of wrongdoing or evidence of any liability or unlawful conduct of any kind.

8. **Amendment**. This Agreement may not be modified, altered or changed except in writing and signed by both parties wherein specific reference is made to this Agreement.

9. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties, and fully supersedes any prior agreements or understandings between the parties. Employees acknowledge that they have not relied on any representations, promises, or agreements of any kind made to Employees in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

10. **Counterparts and Facsimile Signatures**. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, and may be enforced as such.

The parties agree that a facsimile or scanned signature shall have the same force and effect as an original signature and that this Agreement may be executed in counterparts by facsimile or Adobe PDF attachments to emails.

11. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. If any provision of this Agreement is declared illegal or unenforceable by any court, excluding the general release language, that provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

THE PARTIES AGREE THAT THEY HAD A REASONABLE PERIOD OF TIME TO CONSIDER THIS AGREEMENT. EMPLOYEES AGREE THAT THEY HAVE CONSULTED WITH THEIR RESPECTIVE ATTORNEYS OF RECORD PRIOR TO THE SIGNING OF THIS AGREEMENT.

EMPLOYEES, FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR ATTORNEYS, HANG & ASSOCIATES, PLLC, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EMPLOYEES HAD, HAVE, OR MIGHT HAVE AGAINST EMPLOYER.

_____   Dated: 12/21/15
Guo Bin Liu

_____   Dated: 12/21/15
Jiang Wei

_____   Dated: 12/21/15
Zhan Jiu Qiu

_____   Dated: _____
Yue Jian Mao

_____   Dated: 12/21/15
Bao Cheng Fu

_____   Dated: 12/21/15
Mee Chi Corp., by Jiang Qing Chen,
an authorized Officer and Director

_____   Dated: _____
Jiang Qing Chen

5

The parties agree that a facsimile or scanned signature shall have the same force and effect as an original signature and that this Agreement may be executed in counterparts by facsimile or Adobe PDF attachments to emails.

11.  **Governing Law and Interpretation**.  This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. If any provision of this Agreement is declared illegal or unenforceable by any court, excluding the general release language, that provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

THE PARTIES AGREE THAT THEY HAD A REASONABLE PERIOD OF TIME TO CONSIDER THIS AGREEMENT. EMPLOYEES AGREE THAT THEY HAVE CONSULTED WITH THEIR RESPECTIVE ATTORNEYS OF RECORD PRIOR TO THE SIGNING OF THIS AGREEMENT.

EMPLOYEES, FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR ATTORNEYS, HANG & ASSOCIATES, PLLC, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EMPLOYEES HAD, HAVE, OR MIGHT HAVE AGAINST EMPLOYER.

_____  Dated: _____
Guo Bin Liu

_____  Dated: _____
Jiang Wei

_____  Dated: _____
Zhan Jiu Qiu

_____  Dated: _____
Yue Jian Mao

_____  Dated: _____
Bao Cheng Fu

_____  Dated: 12/30/15
Mee Chi Corp., by Jiang Qing Chen,
an authorized Officer and Director

_____  Dated: 12/30/15
Jiang Qing Chen

5